Filed 8/18/14  P. v. Bishop CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C067374 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF08-3480) |
| v. | |
| RAYSHON LEVELLE BISHOP, | |
| Defendant and Appellant. | |

Defendant Rayshon Levelle Bishop was involved in a gang-related incident in which a rival gang member was killed.  A jury acquitted defendant of murder, but it deadlocked at 11 to 1 in favor of a voluntary manslaughter conviction.  The jury found defendant guilty of the substantive gang crime.  (Pen. Code, § 186.22, subd. (a).)[1]  The court declared a mistrial on the manslaughter count and sentenced defendant to a determinate term of 11 years for the gang crime.

---

[1]    Hereafter, unspecified code citations are to the Penal Code.

On appeal, defendant raised only a sentencing issue in his opening brief. However, we requested supplemental briefing on whether the jury was properly instructed on the elements of the gang crime.

We conclude the trial court prejudicially erred by failing to properly instruct the jury concerning the "felonious criminal conduct" element of the gang crime. We therefore reverse the judgment. We remand for retrial on the gang crime count because, contrary to defendant's contention in his supplemental briefing, there was sufficient evidence to sustain a conviction on that count.

In light of the reversal, we need not consider defendant's sentencing contention.

BACKGROUND

We recount the relevant facts later, in the Discussion, as they relate to their sufficiency to support a gang crime conviction.

The district attorney filed an information charging defendant with murder (§ 187, subd. (a)) and the gang crime (§ 186.22(a)). The information also alleged that defendant has a prior serious felony conviction for criminal threats (§§ 422; 667, subd. (a); 1192.7, subd. (c)) and a prior prison term based on the same criminal threats conviction (§ 667.5, subd. (b).)

A jury acquitted defendant of murder, deadlocked 11 to 1 for conviction as to the lesser included voluntary manslaughter offense, and convicted him of the gang crime. The trial court found true the prior serious felony and prior prison term allegations. And the prosecution elected not to prosecute further the manslaughter count.

The trial court sentenced defendant on the gang crime, as a felony, to the upper term of three years, doubled to six years under the "Three Strikes" law. (§ 667, subd. (e)(1).) The court imposed an additional five-year term because the defendant committed a serious felony and had a prior serious felony conviction. (§ 667, subd. (a).) And the court imposed but stayed a one-year term for the prior prison term. (§ 667.5, subd. (b).) The resulting aggregate, unstayed sentence was 11 years in state prison.

2

Defendant was convicted in count 2 of active participation in a criminal street gang, in violation of section 186.22, subdivision (a). That statute applies to "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang . . . ." (§ 186.22, subd. (a).) As the statutory text indicates, the gang crime has three elements: (1) active participation in a criminal street gang; (2) knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and (3) willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. (*People v. Mesa* (2012) 54 Cal.4th 191, 197.)

The prosecutor tried this case under the theory that the homicide alleged in count 1 was the felonious criminal conduct satisfying the third element of the gang crime. The information alleged that defendant committed the gang crime on July 12, 2008, and the only felonious conduct charged on that day was the murder/manslaughter. While defendant and the Attorney General agree that murder or manslaughter, as alleged in the information, could have supported the "felonious criminal conduct" element of the gang crime, assuming for the moment that the evidence was sufficient, the critical error in this case is that the trial court did not convey this theory to the jury. It did not tell the jury that it could base its finding that defendant willfully promoted, furthered, or assisted in felonious criminal conduct by committing or aiding and abetting the murder or manslaughter of Joseph Valentino Pinola.

The trial court instructed the jury on the elements of the gang crime using the form associated with CALCRIM No. 1400. The instruction listed the elements: (1) active participation in a gang, (2) knowledge that gang members engaged in a pattern of criminal gang activity, and (3) willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. But the problem with the

3

instruction lay in how the court filled in the blank on the third element of the gang crime. The court instructed: "Felonious criminal conduct means committing or attempting to commit *any of the crimes listed above*." (Italics added.) This was error because the crimes "listed above" were possession or sale of illegal drugs and unlawful possession of firearms (the crimes supporting the "primary activities" and "pattern of criminal gang activity" elements of the gang definition).[2]

The instruction should have stated: "Felonious criminal conduct means committing or attempting to commit *murder or manslaughter*."

---

[2] The relevant text of the instruction, as read to the jury, is as follows:

"The Defendant is charged in count II with participating in a criminal street gang in violation of Penal Code Section 186.22[, subd.] (a). To prove that the Defendant is guilty of the crime, the People must prove that, one, the Defendant actively participated in a criminal street gang, two, when the Defendant participated in the gang, he knew the members of the gang engaged in or have engaged in a pattern of criminal gang activity, and three, the Defendant willfully assisted, furthered or promoted felonious criminal conduct by members of the gang either by, A, directly and actively committing a felony offense, or B, aiding and abetting a felony offense. [¶] . . . [¶]

"A criminal street gang is an ongoing organization, association or group of three or more persons whether formal or informal, one, that has a common name or common identifying sign or symbol, two, that has as one or more of its primary activities the commission of crimes involving *sales and/or possession of illegal drugs* and/or unlawful *possession of firearms*, and three, whose members whether acted [*sic*] alone or together engage in or have engaged in a pattern of criminal gang activity. [¶] . . . [¶]

"A pattern of criminal gang activity as used here means commission of or attempted commission of or conviction of any combination of two or more of the following crimes, *sales or possession of illegal drugs, unlawful possession of firearms* . . . . [¶] . . . [¶]

"As the term is used here, a willful act is one done willfully or on purpose. Criminal – felonious criminal conduct means attempting to commit or committing *any of the crimes listed above*." (Italics added.)

4

As given, it was error because the prosecution did not present evidence that defendant promoted, furthered, or assisted in the possession or sale of illegal drugs or unlawful possession of firearms as the "felonious criminal conduct" element of the gang crime.

The Attorney General concedes that this was error and that it was prejudicial, and we agree. (See *People v. Wilkins* (2013) 56 Cal.4th 333, 348 [reversal for misinstruction on element of crime unless error was harmless beyond a reasonable doubt].) As given, the instruction allowed the jury to find the "felonious criminal conduct" element of the gang crime based on the evidence about the gang's primary activities or pattern of criminal conduct. We have found nothing in the record, however, to suggest that defendant actually promoted, furthered, or assisted in the commission of those crimes.

Because the trial court erred in its instruction to the jury on the "felonious criminal conduct" element of the gang crime and the error was prejudicial, we must reverse the conviction. That raises the issue of whether the count can be retried on remand, and defendant argues that it cannot be retried because there is insufficient evidence to support a conviction on that count. (See *People v. Hill* (1998) 17 Cal.4th 800, 848-849 [retrial barred when evidence insufficient].)

Concerning the issue of possible retrial, the parties engage in speculation about what the acquittal on the murder charge and the failure to reach a verdict on the manslaughter lesser included offense mean with respect to substantial evidence to support the gang crime. For example, the Attorney General reasons that, even though the jury was unable to reach a verdict as to voluntary manslaughter, "it reasonably can be inferred . . . they still reached a consensus that [defendant] had committed [involuntary] manslaughter . . . ." On the other hand, defendant argues that "it is surely unreasonable and irrational to infer evidentiary sufficiency from a jury's deadlock [on the lesser included manslaughter offense]" and "the mistried offense does not amount to a fact

5

'actually established' and therefore [the Attorney General's] contention equates to drawing an inference from the nonexistence of a fact . . . ."

This attempt to discern the effect of the verdict, or failure to reach a verdict, on the murder or manslaughter count is unhelpful. The jury here, despite its acquittal as to murder and inability to reach a verdict as to voluntary manslaughter, could have relied on the evidence of murder or manslaughter to support the "felonious criminal conduct" element of the gang crime if it had been properly instructed, and a jury may do so on retrial because an acquittal as to one count does not prevent the jury from entering an inherently inconsistent verdict on another count.

"It is well settled that, as a general rule, inherently inconsistent verdicts are allowed to stand. [Citations.] The United States Supreme Court has explained: '[A] criminal defendant . . . is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt. [Citations.] This review should be independent of the jury's determination that evidence on another count was insufficient.' [Citation.]" (*People v. Lewis* (2001) 25 Cal.4th 610, 656, quoting *United States v. Powell* (1984) 469 U.S. 57, 67 [83 L.Ed.2d 461, 470].)

To determine whether the gang crime count can be retried, we apply the usual substantial evidence test. (*People v. Hallock* (1989) 208 Cal.App.3d 595, 607 [if reversal required for instructional error but substantial evidence supports verdict, double jeopardy principles do not prevent retrial].) In determining the sufficiency of the evidence to support a guilty verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

6

have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 574], italics omitted.)

Since defendant argues insufficiency only in the evidence to support the "felonious criminal conduct" element of the gang crime, we restrict our discussion to that element. Reviewing the evidence with the substantial evidence standard in mind, we conclude there was sufficient evidence that defendant willfully promoted, furthered, or assisted in felonious criminal conduct by committing or aiding and abetting the murder or manslaughter of Pinola.

Defendant is a member of the Bloods criminal street gang. On the day in question, defendant, Chris Silva, and Surjit Cheema left a bar and saw a group of men standing next to a car parked by a nearby Little Caesars Pizza. Taunts were exchanged with the men near the Little Caesars as defendant and his group passed.

Soon after that, defendant's group returned to the bar because Silva thought he had left behind his identification. They again exchanged words with the men near the Little Caesars, but defendant recognized one of the men as an acquaintance. He and the acquaintance went to a nearby convenience store where defendant bought the acquaintance a beer.

While defendant and the man were in the convenience store, an SUV pulled up and several men got out. Defendant went to Cheema's car and got a gun. He argued with the group and brandished the gun. Pinola, one of the men in the opposing group, made a reference to his own gang, and defendant said, "It's 530 Bloods out here."

Defendant handed the gun to Cheema, and said to Cheema, "If anybody jumps in, bust them." After more arguing and some minor skirmishing, Pinola spit on defendant and Cheema, so Cheema shot and killed Pinola.

These facts are sufficient to conclude that defendant willfully promoted, furthered, or assisted in Cheema's murder or manslaughter of Pinola. Therefore, even though we must reverse, the People may retry the case on remand.

7

Since we find that there was sufficient evidence for the jury to convict defendant of the gang crime based on murder or manslaughter as the felonious criminal conduct, we need not consider whether other felonious criminal conduct may have supported the verdict. On retrial, the prosecution may explore that possibility.

## DISPOSITION

The judgment is reversed, and the matter is remanded for retrial on the gang crime count.


    NICHOLSON    , Acting P. J.


We concur:


    BUTZ    , J.


    MURRAY    , J.